KEHOE, Judge.
Appellant, defendant below, was charged by an information with possession of heroin. Pursuant to a jury verdict, he was adjudged guilty as charged and placed on probation for a period of three years, with the special condition that he serve one year in the Dade County Jail.
After a careful review of the record, it is our opinion that appellant’s conviction must be affirmed; however, we note that in sentencing appellant to one year incarceration, the trial court failed pursuant to Section 921.161(1), Florida Statutes (1975), to credit appellant for the time which he served while awaiting sentencing. Therefore, we remand the cause to the trial court for resentencing in accordance with Section 921.161(1).
Appellant need not be present at the time .of the resentencing. Except as specifically stated herein, all other aspects of the judgment and sentence are affirmed.
Further, this court, proceeding in the manner outlined and recommended by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), having deferred ruling on the motion of the public defender to withdraw as counsel for the indigent appellant, and having furnished appellant with a copy of the public defender’s memorandum brief, and having allowed appellant a reasonable time within which to raise any points that he chose in support of this appeal, and the appellant having failed to respond thereto, upon full examination and consideration of the appeal, except as set forth above, we conclude that the appeal is wholly frivolous.
Therefore, for the reasons set forth above, the public defender’s motion to withdraw is granted and the judgment of conviction appealed is affirmed.
The sentence appealed is reversed and the cause is remanded for sentencing in accordance with the instructions set forth herein.
Affirmed in part; reversed in part and remanded; and motion of public defender to withdraw as counsel granted.